J-S13035-26

2026 PA Super 101

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES N. SARGENT | : | |
| | : | |
| Appellant | : | No. 2179 EDA 2025 |

Appeal from the PCRA Order Entered July 30, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011441-2014

BEFORE: PANELLA, P.J.E., NICHOLS, J., and KING, J.

OPINION BY KING, J.: **FILED MAY 15, 2026**

Appellant, Charles N. Sargent, appeals from the order entered in the Philadelphia County Court of Common Pleas, denying his first petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

A prior panel of this Court set forth the relevant facts and procedural history of this case as follows:

> [Appellant] left his job as a club bouncer on the night of July 13, 2013. He took a cab to an area known for prostitution where he was introduced to Ms. Diamond Williams. [Ms.] Williams was a transgender female and biological male.
>
> They then took the cab back to [Appellant's] home where he lived with his girlfriend, Veronica Johnson, and her son, Lamar Johnson. [Appellant] agreed to pay [Ms.] Williams for oral sex. After engaging in oral and anal sex in Lamar Johnson's bedroom, [Appellant] claimed to have then realized [Ms.] Williams was male and admitted to slamming [Ms.] Williams' head against the wall in a fit of anger. The impact left a hole in the wall as well as traces of [Ms.]

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

Williams' blood and hair. [Appellant] claimed that [Ms.] Williams then drew a knife and tried to attack him, but he put [Ms.] Williams in a headlock, causing her to drop the knife and fall to the ground. The knife was never found. After kicking her a few times, [Appellant] stated that he believed [Ms.] Williams was about to get up, so he ran downstairs and grabbed a screwdriver. [Appellant] then returned upstairs, and upon seeing [Ms.] Williams trying to stand up, fatally stabbed her in the head with the screwdriver.

At about 8:00 AM on July 14, 2013, Veronica Johnson arrived at [Appellant's] home after working a night shift. She witnessed [Appellant] walking down the stairs naked, and he told her to leave. Ms. Johnson refused to leave and later saw [Appellant] dragging "what appeared to be a man's body wrapped in her son's sheets" down the stairs, which he left near the door to the basement. [Appellant] said that he had to go to his father's home for a while and then threatened Ms. Johnson, saying "[t]hat's right. You going to be so nosey. This is going to be you next, you and your children." When [Appellant] later returned from his father's residence, he carried a protective suit used for asbestos work and a large roll of plastic. He then proceeded to drag the body down to the basement. Soon, [Appellant] reemerged and grabbed a large axe, after which Ms. Johnson heard repeated loud thudding noises coming from the basement.

On either July 14 or 15, 2013, Ms. Johnson and her daughter investigated the home when [Appellant] was absent. They found a purse, clothes, and a wig, none of which belonged to them. They also discovered several blood-stained items, including a screwdriver, a hammer, and a pair of underwear. Ms. Johnson also recovered a used condom, which later tested positive for DNA from [Appellant] and [Ms.] Williams, from the trash of the upstairs bathroom. In the basement, Ms. Johnson saw bloodstains on the floor and trash bags sealed with duct tape. Ms. Johnson spoke to [Appellant] on July 15, 2013 about what had happened. After suggesting that [Appellant] killed [Ms.] Williams to stop her from telling others that [Appellant] had sex with another man, [Appellant] denied it and said that [Ms.] Williams had stolen several thousand dollars' worth of drugs while [Appellant]

was previously incarcerated.

On July 17, 2013, Ms. Johnson told her son, Lamar, what happened. Lamar then entered his room and noticed a strange smell, wet spots on the carpet, new sheets on his bed, unfamiliar clothing on the floor, a new hole in the wall, and a bloodstain on his mattress. Lamar then contacted the police. A subsequent law enforcement analysis of the blood found on the items and in the residence determined that none of it belonged to [Appellant].

Eventually, police arrested [Appellant] on July 19, 2013 pursuant to an arrest warrant for making terroristic threats against Ms. Johnson. After being given **Miranda**[2] warnings, [Appellant] confessed to killing [Ms.] Williams, dismembering her body, and dumping her body parts in a vacant lot. Remains were recovered from the lot and from a sealed bag found floating in the Schuylkill River, all of which belonged to [Ms.] Williams.

[Attorney Michael J. Farrell represented Appellant at his preliminary hearing. After the preliminary hearing, Appellant elected to represent himself and waived his right to counsel.] [Appellant] represented himself at trial [with Attorney Benjamin Cooper serving as standby counsel. At trial, Appellant] asserted [that] he killed [Ms.] Williams in self-defense. On March 6, 2018, a jury found [Appellant] guilty of first-degree murder. Subsequently, he was sentenced to life without parole for the murder charge.

**Commonwealth v. Sargent**, No. 692 EDA 2021, unpublished memorandum at 1-4 (Pa.Super. filed May 26, 2022), *appeal denied*, ___ Pa. ___, 286 A.3d 217 (2022) (footnotes omitted).

This Court affirmed Appellant's judgment of sentence on May 26, 2022, and our Supreme court denied Appellant's petition for allowance of appeal on October 13, 2022. **See id.** On October 3, 2023, Appellant filed a *pro se* PCRA

_____

[2] **Miranda v. Arizona**, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

petition, alleging, *inter alia*, that Attorney Farrell was ineffective for stipulating to the medical examiner's ("M.E.") testimony at the preliminary hearing and Attorney Cooper provided ineffective assistance by failing to properly assist and advise Appellant as standby counsel during trial. The court appointed Attorney Stephen O'Hanlon as PCRA counsel. On November 20, 2023, Attorney O'Hanlon filed a motion to withdraw as counsel and a **Turner/Finley**[3] "no merit" letter.

On November 30, 2023, Appellant filed a motion asserting that Attorney O'Hanlon provided ineffective assistance, and the court appointed new counsel to address Appellant's claim. On February 13, 2025, Appellant filed a counseled amended PCRA petition, asserting that Attorney O'Hanlon was ineffective for failing to properly evaluate the claims Appellant raised in his *pro se* PCRA petition. After issuing notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, the PCRA court formally dismissed Appellant's petition on July 30, 2025. Appellant filed a timely notice of appeal on August 13, 2025. On August 15, 2025, the court ordered Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on August 26, 2025.

Appellant raises the following issues for our review:

> Whether PCRA counsel failed to investigate if preliminary hearing counsel was ineffective?

---

[3] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

> Whether PCRA counsel failed to investigate if standby trial counsel was ineffective?

(Appellant's Brief at vii).

In his issues combined, Appellant asserts that Attorney Farrell was ineffective by stipulating to the M.E.'s testimony at the preliminary hearing. Appellant claims that because Appellant asserted that he acted in self-defense, the ME.'s findings may have been critical to supporting his defense. Appellant contends that Attorney Farrell could have questioned the M.E. on "key forensic evidence regarding (1) the nature of the victim's injuries; (2) if the number and location of the wounds were consistent with a close-quarters struggle rather than an assault of the victim; (3) whether the victim was intoxicated, (4) the cause of death, as well as key legal elements such as (5) the proportionality, and (6) the reasonableness of the force used." (*Id.* at 5).

Additionally, Appellant contends that Attorney Cooper was ineffective for failing to properly assist Appellant at trial as standby counsel. Specifically, Appellant claims that although he informed Attorney Cooper that he was under the influence of cocaine and ecstasy on the day of the murder, Attorney Cooper did not advise Appellant that this evidence could support a diminished capacity defense at trial. Appellant also asserts that Attorney Cooper did not advise Appellant on whether Appellant should testify in his own defense at trial. Appellant claims that if Attorney Cooper had properly advised Appellant at trial, the jury may have returned a verdict of voluntary manslaughter instead of murder. Appellant maintains that Attorney O'Hanlon was ineffective

for concluding that Appellant's ineffective assistance claims regarding Attorney Farrell and Attorney Cooper lacked merit without conducting any meaningful inquiry into the claims. Appellant concludes that the PCRA court erred in denying Appellant's petition, and this Court should vacate the PCRA court's order. We disagree.

"Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." **Commonwealth v. Beatty**, 207 A.3d 957, 960-61 (Pa.Super. 2019), *appeal denied*, 655 Pa. 482, 218 A.3d 850 (2019). This Court grants great deference to the factual findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Howard**, 249 A.3d 1229 (Pa.Super. 2021). "[W]e review the court's legal conclusions *de novo*." **Commonwealth v. Prater**, 256 A.3d 1274, 1282 (Pa.Super. 2021).

"Counsel is presumed to have rendered effective assistance." **Commonwealth v. Hopkins**, 231 A.3d 855, 871 (Pa.Super. 2020), *appeal denied*, 663 Pa. 418, 242 A.3d 908 (2020).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is

- 6 -

a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568, 216 A.3d 1029 (2019) (internal citations and quotation marks omitted).

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit[.]" *Commonwealth v. Smith*, 167 A.3d 782, 788 (Pa.Super. 2017), *appeal denied*, 645 Pa. 175, 179 A.3d 6 (2018) (quoting *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994)). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004) (quoting *Commonwealth v. Geathers*, 847 A.2d 730, 733 (Pa.Super. 2004)).

"Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests." *Commonwealth v. Kelley*, 136 A.3d 1007, 1012 (Pa.Super. 2016) (quoting *Pierce, supra* at 524, 645 A.2d at 194-95).

> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

*Commonwealth v. King*, 259 A.3d 511, 520 (Pa.Super. 2021) (quoting *Sandusky, supra* at 1043-44).

"To show prejudice, the petitioner must demonstrate that there is a reasonable probability that, but for counsel's allegedly unprofessional conduct, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Commonwealth v. Johnson*, 635 Pa. 665, 710, 139 A.3d 1257, 1284 (2016) (quoting *Commonwealth v. Baumhammers*, 625 Pa. 354, 383, 92 A.3d 708, 725 (2014)).

Regarding "layered" claims of ineffective assistance:

[A petitioner] "must plead in his PCRA petition that his prior counsel, whose alleged ineffectiveness is at issue, was ineffective for failing to raise the claim that the counsel who preceded him was ineffective in taking or omitting some action." The petitioner must further "present argument, in briefs or other court memoranda, on the three prongs of the [the ineffectiveness] test as to each relevant layer of representation."

*Commonwealth v. Montalvo*, 651 Pa. 359, 379-80, 205 A.3d 274, 286 (2019) (quoting *Commonwealth v. McGill*, 574 Pa. 574, 589, 832 A.2d 1014, 1023 (2003)). "[T]o succeed on an allegation of…counsel's ineffectiveness…a post-conviction petitioner must, at a minimum, present argumentation relative to each layer of ineffective assistance, on all three prongs of the ineffectiveness standard…." *Commonwealth v. D'Amato*, 579 Pa. 490, 500, 856 A.2d 806, 812 (2004) (internal citations omitted). "[A]n

- 8 -

undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy [the petitioner's] burden of establishing that he is entitled to any relief." *Commonwealth v. Bracey*, 568 Pa. 264, 273 n.4, 795 A.2d 935, 940 n.4 (2001). *See also Commonwealth v. Chmiel*, 612 Pa. 333, 362, 30 A.3d 1111, 1128 (2011) (explaining boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy petitioner's burden of proving ineffectiveness).

Additionally, with respect to standby counsel, our Supreme Court has explained:

> [W]hen a defendant elects to proceed at trial *pro se*, the defendant, and not standby counsel, is counsel of record and is responsible for trying the case. The limited role of standby counsel is essential to satisfy the United States Supreme Court's directive that a defendant's choice to proceed *pro se* must be honored out of that respect for the individual which is the lifeblood of the law even when the defendant acts to his own detriment. This understanding undergirds our jurisprudence, which dictates that a defendant who chooses to represent himself cannot obtain post-conviction relief by raising a claim of his own ineffectiveness or that of standby counsel.

*Commonwealth v. Blakeney*, 631 Pa. 1, 30, 108 A.3d 739, 756 (2014), *cert. denied*, 576 U.S. 1009, 135 S.Ct. 2817, 192 L.Ed.2d 857 (2015) (citations and quotation marks omitted).

Instantly, the PCRA court determined that Appellant failed to establish that Attorney Farrell lacked a reasonable strategic basis for stipulating to the M.E.'s testimony. Specifically, Attorney Farrell stipulated that the M.E., if

called, would testify that the cause of Ms. Williams' death was penetrating blunt force trauma and that the manner of death was homicide. The PCRA court found that Attorney Farrell employed a reasonable strategy in stipulating to the M.E.'s testimony "to limit the [M.E.'s] testimony to basic information regarding the autopsy, preventing the gruesome details from coloring the judge's perspective." (PCRA Court Opinion, filed 9/17/25, at 8). We discern no error in the court's assessment, particularly given the state in which the victim's body was recovered in this case. *See Commonwealth v. Hanible*, 612 Pa. 183, 247, 30 A.3d 426, 464 (2011), *cert. denied*, 568 U.S. 1091, 133 S.Ct. 835, 184 L.Ed.2d 662 (2013) (holding counsel acted reasonably in stipulating to admissible testimony to reduce more harmful impact if testimony was presented); *Commonwealth v. Smith*, 609 Pa. 605, 669, 17 A.3d 873, 911 (2011), *cert. denied*, 567 U.S. 937, 133 S.Ct. 24, 183 L.Ed.2d 680 (2012) (affirming that counsel employed reasonable strategy in stipulating to expert testimony about victim's injuries because it minimized emotional impact testimony could have had).[4]

Additionally, Appellant fails to explain how he was prejudiced by Attorney Farrell's stipulation to the M.E.'s testimony at the preliminary

_____

[4] We note that the PCRA court did not hold an evidentiary hearing in this case. Generally, an evidentiary hearing on counsel's strategy is preferred before the PCRA court decides if counsel had a reasonable basis for his actions. *See Hanible, supra* at 210, 30 A.3d at 442. Nevertheless, the PCRA court may do so in cases where the reasons for counsel's conduct are clear and apparent from the record. *See id.*

hearing. While Appellant speculates that questioning the M.E. at the preliminary hearing "could have supported the dismissal at the preliminary stage, the suppression or impeachment later, or the inference of justification[,]" Appellant fails to support this argument in any meaningful way. (Appellant's Brief at 5). Appellant also does not cite to anything in the record, including the M.E.'s report or the M.E.'s subsequent testimony at Appellant's trial, to establish that questioning the M.E. at the preliminary hearing would have revealed any support for his claim that he acted in self-defense. *See Commonwealth v. Fletcher*, 604 Pa. 493, 542, 986 A.2d 759, 789 (2009) (holding that trial counsel was not ineffective for stipulating to M.E.'s testimony because appellant's assertion that cross-examination of M.E. would have elicited testimony supporting claim of self-defense was mere speculation).

Furthermore, where an appellant alleges counsel was ineffective at the preliminary hearing, "[t]he PCRA statute requires the prejudice to affect the adjudication of guilt[,]" not merely the outcome of the preliminary hearing. *Commonwealth v. Stultz*, 114 A.3d 865, 881 (Pa.Super. 2015), *appeal denied*, 633 Pa. 767, 125 A.3d 1201 (2015). Here, the M.E. testified at Appellant's trial and Appellant had the opportunity to cross-examine the M.E. to elicit any such testimony to support his defense. The jury, nevertheless, found Appellant guilty of first-degree murder. As such, Appellant cannot establish that he was prejudiced as a result of Attorney Farrell's alleged error

at the preliminary hearing.  ***See id.***

 With respect to Appellant's ineffective assistance claim against Attorney Cooper, Appellant elected to represent himself at trial and Attorney Cooper was only present in the capacity of standby counsel.  As such, Appellant cannot obtain post-conviction relief by asserting deficiencies in his own performance and attributing them to standby counsel.  ***See Blakely, supra***.  As Appellant has failed to establish that either Attorney Farrell or Attorney Cooper provided ineffective assistance, Attorney O'Hanlon cannot be found ineffective for failing to argue a meritless claim.  ***See Montalvo, supra***; ***Poplawski, supra***. Thus, we agree with the PCRA court that Appellant is not entitled to relief on his layered ineffective assistance of counsel claim.  ***See Beatty, supra***. Accordingly, we affirm.

 Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/15/2026